# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. PISKANIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| US ATTORNEY EDPA, et al. | : | NO. 13-7677 |

## MEMORANDUM

STENGEL, J.                                                                                                   MARCH 13, 2014

    Michael Piskanin, a prisoner incarcerated at the State Correctional Institution at Benner Township, filed this action, styled as a Petition for a Writ of Mandamus, against the United States Attorney for the Eastern District of Pennsylvania and the "Special Agent in Charge" of the Philadelphia Office of the Federal Bureau of Investigation. He seeks to compel the defendants to "meet with [him] to arrange communication with [him] and direct contact with [a source he met while incarcerated, who allegedly has information about drug-related crimes]." The Court initially closed Piskanin's case because he failed to either pay the applicable fees or file a motion to proceed *in forma pauperis*. Piskanin subsequently filed a motion to proceed *in forma pauperis* and a motion to reopen his case. For the following reasons, the Court will deny the motions pursuant to 28 U.S.C. § 1915(g).

    According to § 1915(g), which was implemented as part of the Prison Litigation Reform Act ("PLRA"), a prisoner who on three or more occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status in a subsequently-filed "civil action" unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d

Cir. 2001) (en banc). The Court understands Piskanin to be seeking mandamus relief pursuant to 28 U.S.C. § 1361, which grants district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Accordingly, the Court must address whether a mandamus action under § 1361 is a "civil action" for purposes of the PLRA, including § 1915(g).

The Third Circuit has held that a petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1651 is not subject to the PLRA. *See Madden v. Myers*, 102 F.3d 74, 76-78 (3d Cir. 1996), *superseded by rule on other grounds as noted in, In re Ordaz*, 491 F. App'x 348, 348 (3d Cir. 2013) (per curiam). In *Madden*, the petitioner filed a mandamus petition in the Third Circuit to compel the district court to act on his pending *habeas* petition. The Third Circuit reasoned that, because such a mandamus petition is akin to a procedural step in the litigation to remedy delays in the lower court, it could not be considered a "civil action" or "appeal" for purposes of the PLRA's payment provision, 28 U.S.C. § 1915(b). The Court further reasoned that "where the underlying litigation is criminal, or otherwise of the type that Congress did not intend to curtail [such as habeas proceedings], the petition for mandamus need not comply with the PLRA." *Id.* at 77. However, "any action improperly styled as mandamus" is subject to the PLRA, as "[a] litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act." *Id.* at 78.

The *Madden* Court expressly declined to decide whether its holding applied to mandamus petitions seeking to compel agency action pursuant to 28 U.S.C. § 1361. *Id.* at 76 n.2. Although the Third Circuit has not addressed the issue in a precedential opinion, a non-precedential opinion and order suggest that the Court views mandamus petitions brought under § 1361 as civil actions subject to the PLRA. *See In re Banks*, 450 F. App'x 155, 157 n.1 (3d Cir. 2011) (per

2

curiam) ("[N]either a civil-rights action nor a § 1361 petition was litigation 'of the type that Congress did not intend to curtail' by enacting the Prison Litigation Reform Act" (quoting *Madden*, 102 F.3d at 77 and citing *In re Banks*, 3d Cir. C.A. No. 11-1970 (May 12, 2011 order))). Other circuit courts and lower courts in this circuit have similarly held that § 1361 petitions are "civil actions" for purposes of the PLRA, or applied the PLRA to petitions brought under that provision. *See Martin v. Grimshaw*, 198 F.3d 248 (6th Cir. 1999); ("An action brought under 28 U.S.C. § 1361 is a 'civil action' for purposes of the PLRA.") (Table); *Banks v. Rebewak, Inc.*, Civ. A. No. 13-129, 2013 WL 968081, at *3 (W.D. Pa. Feb. 11, 2013), *report and recommendation adopted by*, 2013 WL 967959 (W.D. Pa. Mar. 11, 2013); *Hamani v. Dir. Fed. Bureau of Prisons*, Civ. A. No. 11-2780, 2011 WL 2112306 at *1 (D.N.J. May 25, 2011); *Murray v. Grondolsky*, Civ. A. No. 09-3172, 2009 WL 2030911, at *1 (D.N.J. July 6, 2009); *Evans v. McConnell*, Civ. A. No. 2008-97, 2009 WL 1560192, at **1-2 (W.D. Pa. June 3, 2009); *Keys v. Dep't of Justice*, Civ. A. No. 08-2239, 2009 WL 648926, at **2-3 (M.D. Pa. Mar. 10, 2009); *Banks v. U.S. Atty.*, Civ. A. No. 08-1394, 2008 WL 4533680, at *3 (M.D. Pa. Oct. 6, 2008), *aff'd*, 318 F. App'x 56 (3d Cir. 2009) (per curiam). Those holdings make sense, as the Federal Rules of Civil Procedure proscribe only one form of action -- a civil action -- such that a document styled as a mandamus petition filed in a district court constitutes a civil action even though it may be "in the nature of mandamus" under § 1361. *See Evans*, 2009 WL 1560192, at *2; *see also Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1235 (10th Cir. 2005) ("The generic 'civil action' of the new rules, *see* Fed. R. Civ. P. 2, provides the form of action in which mandamus relief is now available."); *In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996) ("The Federal Rules of Civil Procedure state that writs of mandamus are abolished . . . ."). Accordingly, this

3

action, which seeks mandamus relief pursuant to § 1361, is subject to the PLRA, including § 1915(g).

"[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). Piskanin had accumulated at least three "strikes" for purposes of § 1915(g) at the time he filed this action. *See Piskanin v. Hammer*, 269 F. App'x 159 (3d Cir. 2008) (per curiam) (dismissing appeal as frivolous pursuant to § 1915(e)(2)(B)(i)); *Piskanin v. Doe*, Civ. A. No. 09-2553, 2009 WL 1684651 (E.D. Pa. June 15, 2009) (dismissing action as "legally frivolous"); *Piskanin v. Banach*, Civ. A. No. 07-4655, 2008 WL 5246165 (E.D. Pa. Dec. 16, 2008) (dismissing amended complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii)). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this action. However, nothing in Piskanin's mandamus petition suggests that he is or was in any type of danger at any time. Accordingly, his motion to proceed *in forma pauperis* and his motion to reopen this case are denied.[1] An appropriate order follows.

---

[1] In any event, Piskanin's mandamus petition is frivolous, as nothing in the petition establishes that the defendants owe Piskanin a nondiscretionary duty to meet with him for the purpose of setting up communications with his source. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (a writ of mandamus may issue under § 1361 only for "a clear nondiscretionary duty"); *Bullard v. Bureau of Unemployment and Allowances*, 516 F. App'x 111, 113 (3d Cir. 2013) (per curiam) (mandamus relief is unavailable to compel a federal investigation); *Piskanin v. John Doe*, 349 F. App'x 689, 691 (3d Cir. 2009) (per curiam) ("Piskanin's alleged status as a 'former operative' does not support a claim that he is owed a nondiscretionary duty from the FBI . . . .").

4